UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10701-GAO

STEVEN MEROLA,
Plaintiff,

v.

PETER M. COCO, FRANK CIERI, DON GUIDO REALTY TRUST, OLDE CENTER VENTURES, INC., CLAIRE COCO, AMY FALLONI, GOLDEN BROOK, INC., f/k/a BOND INDUSTRIES LTD., and RICHARD COHEN,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
September 18, 2019

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has issued a Report and Recommendation ("R & R") recommending that the defendants' motion to dismiss (dkt. no. 19) be granted for the reason that the plaintiff Steven Merola's claims are precluded under the doctrine of res judicata, specifically claim preclusion. Having reviewed the relevant pleadings and submissions, including Merola's objections to the R & R and the defendants' response thereto, I approve and ADOPT the magistrate judge's R & R (dkt. no. 46) in its entirety.[1]

Merola objects to the magistrate judge's claim preclusion findings that there is identity or privity of the parties, that the previous action resulted in a prior adjudication on the merits, and that the claims Merola now asserts should have been raised as compulsory counterclaims in a related state case. First, Merola's objections relating to the identity or privity of the parties and whether the prior action resulted in a final judgment on the merits do not appear to have been

---

[1] Merola's motion to file a reply memorandum (dkt. no. 49) is DENIED in light of the submissions already before the Court.

raised before the magistrate judge, (see R. & R. Re: Defs.' Mot. to Dismiss Pl. Steven Merola's Compl. (Docket Entry # 19) 18–19 (dkt. no. 46)), and can be rejected for that reason alone. See Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, 'not only their "best shot" but all of their shots.'" (quoting Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D. Me. 1984))). Second, and separately, I agree with the magistrate judge's conclusions that Merola had an incentive and opportunity to litigate the matters now sought to be asserted in the prior suit, that the prior action resulted in a final judgment on the merits, and that the present claims are sufficiently related to the same transactions or series of connected transactions at issue in the state court action and could and should have been adjudicated as compulsory counterclaims in that action in accordance with Massachusetts law.

Consequently, Merola is precluded from bringing his claims in this action. The defendants' Motion to Dismiss (dkt. no. 19) is therefore GRANTED.

The remaining motions, all filed long after the magistrate judge issued her R & R, are resolved as follows:

The plaintiff's Motion to Amend Complaint (dkt. no. 52) and related Motion for Leave to File Reply Memorandum and to Serve Additional Defendant (dkt. no. 63) are DENIED.

The plaintiff's Motion to Vacate or Amend Protective Order (dkt. no. 54) is MOOT.

The plaintiff's Motion to File and Receive Electronically (dkt. no. 64) is MOOT.

The defendants' Motion for Payment of Expenses Arising from the Plaintiff's Violation of the Protective Order (dkt. no. 66) is DENIED.

The defendants' Motion for Hearing (dkt. no. 70) and plaintiff's Motion for Status Conference (dkt. no. 72) are MOOT.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge